Filed 3/30/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SITRICK GROUP, LLC, | B317546 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 21STCP02156) |
| v. | |
| VIVERA PHARMACEUTICALS, INC., | |
| Defendant and Appellant. | |

APPEAL from the judgment of the Superior Court of Los Angeles County, Barbara M. Scheper, Judge. Affirmed.

De Novo Law Firm, Benjamin Yrungaray for Defendant and Appellant.

Nemecek & Cole, Frank W. Nemecek and Claudia L. Stone for Plaintiff and Respondent.

* * * * * *

The California Arbitration Act (the Act) (Code Civ Proc., § 1280 et seq.)[1] requires potential and retained arbitrators to disclose, among other things, matters that the Ethics Standards for Neutral Arbitrators in Contractual Arbitration (Ethics Standards) dictate must be disclosed. (§ 1281.9, subd. (a)(2).) Do the Ethics Standards require a retained arbitrator in a noncommercial case to disclose in one matter that he has been subsequently hired in a second matter by the same party and same law firm? We hold that the answer is "no," at least where the arbitrator has previously informed the parties—without any objection thereto—that no disclosure will be forthcoming in this scenario. Because the arbitrator's disclosures were proper here, the trial court properly overruled an objection based on inadequate disclosure. We accordingly affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

#### A. *Breach of contract*

Sitrick Group, LLC (Sitrick) is a "corporate communication advisor and crisis manager." In mid-2019, Vivera Pharmaceuticals, Inc. (Vivera) was developing a medical test kit, but had received "negative publicity" from its litigation with a rival company. Vivera hired Sitrick to manage a public relations campaign aimed at curbing the negative press.

On July 10, 2019, Vivera signed a written contract retaining Sitrick and agreeing to pay an hourly rate for its services. The contract contained an agreement to arbitrate "any dispute or claim arising out of or relating to" the contract.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

Between July 2019 and May 2020, Sitrick provided $292,773.32 in services to Vivera. Vivera did not make any payments.

**B.** *Arbitration*

1. *Initiation of arbitration, selection of arbitrator, and disclosures*

On June 26, 2020, and again on July 16, 2020, Sitrick filed demands for arbitration with Judicial Arbitration and Mediation Services (JAMS).

On August 20, 2020, the parties selected retired Judge Coleman A. Swart (Judge Swart) to arbitrate their dispute.

Five days later, on August 25, 2020, Judge Swart issued to the parties a written "Disclosure Checklist for All Arbitrations." As pertinent here, the checklist indicated that:

● Judge Swart "will . . . entertain offers of employment or new professional relationships . . . from a party [or] lawyer in the arbitration . . . while [the] arbitration is pending, including offers to serve as a dispute resolution neutral in another case," and relatedly advised that "[i]f this is a nonconsumer arbitration, the arbitrator will not inform the parties if he or she subsequently receives an offer or new matter while the arbitration is pending."

● "Based on the parties' written submissions," the arbitration in this case "is <u>NOT</u> a Consumer Arbitration."

● The above-two disclosures "constitute[] a waiver of any further requirement to disclose subsequent employment involving the same parties or lawyers or law firms."

Vivera did not object to Judge Swart serving as the arbitrator within 15 days of receiving the checklist.

3

On February 24, 2021, JAMS set the arbitration for a three-day hearing starting on May 26, 2021.

### 2. *Judge Swart's new retention and voluntary disclosure*

On April 13, 2021, Judge Swart was selected to serve as an arbitrator in a separate matter between Sitrick and Legacy Development (the *Legacy* matter). In that matter, Sitrick was employing the same law firm (but a different lawyer) as was representing it in the arbitration with Vivera.

On May 14, 2021, JAMS disclosed Judge Swart's retention in the *Legacy* matter to Vivera.

### 3. *Vivera's motion to disqualify Judge Swart*

On May 19, 2021, Vivera moved to disqualify Judge Swart based on Sitrick and the same law firm being involved in the *Legacy* matter as well as Judge Swart's "inadequate" disclosure of his retention in the *Legacy* matter.

On May 24, 2021, JAMS's National Arbitration Committee denied Vivera's motion. Specifically, the Committee explained that the disclosure of the *Legacy* matter was "a courtesy[ and] not a required disclosure" because, in the disclosure checklist, Judge Swart had indicated he could entertain new offers while this nonconsumer arbitration was pending without having to disclose them and because Vivera had not objected to that term within the 15-day window for doing so. Further, the Committee found that the overlap of party and law firm between the two arbitrations did not suggest that Judge Swart was "bias[ed]" or unable to be fair or impartial. The Committee did not inform Judge Swart of Vivera's motion or its ruling on that motion.

4

4. *Arbitration hearing and award*

Judge Swart held the hearing in this arbitration from May 26 to May 28, 2021. Vivera elected not to participate. In his interim and final awards, Judge Swart concluded that Vivera had breached its contract with Sitrick, and that it owed a total of $556,639.98 comprised of unpaid services, interest through the date of the award, attorney's fees, and costs.

The final award was served on the parties on June 23, 2021.

## II. Procedural Background

On July 6, 2021, and again on August 10, 2021, Sitrick filed petitions to confirm the arbitration award.

On July 26, 2021, and again on September 8, 2021, Vivera filed what it captioned as "oppositions" to Sitrick's petitions, but which asked the trial court to vacate the arbitrator's award due to Judge Swart's inadequate disclosure of the *Legacy* matter.

The trial court issued an order confirming the arbitrator's award.

Vivera filed this timely appeal.

## DISCUSSION

Vivera argues that the trial court erred in confirming the arbitration award because Judge Swart did not comply with the Act's disclosure requirements. Where, as here, resolution of an argument turns on statutory interpretation and the application of undisputed facts to those statutes, our review is de novo. (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 383 (*Haworth*); *Luce, Forward, Hamilton & Scripps, LLP v. Koch* (2008) 162 Cal.App.4th 720, 729-730 (*Luce*); *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018.)

5

The Act is meant to be a "comprehensive statutory scheme regulating private arbitration" in our State. (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9.) To ensure that an arbitrator is truly neutral and able to "serve[] as an impartial decision maker," the Act "requires [a potential] arbitrator to disclosure to the parties any grounds for disqualification." (*Haworth*, *supra*, 50 Cal.4th at p. 381; *Azteca Construction, Inc. v. ADR Consulting, Inc.* (2004) 121 Cal.App.4th 1156, 1165 [requiring disclosures as a means of "protecting the fairness of the [arbitration] process" given the "mighty and largely unchecked power" "arbitrators wield"]; § 1281.9, subd. (a).) The Act enforces this duty of disclosure by empowering a party to vacate an arbitration award if an arbitrator fails to make the disclosures required by the Act or fails to disqualify himself when a party objects on the basis of those disclosures. (§ 1286.2, subd. (a)(6).)

As pertinent here, the Act requires a potential arbitrator to "disclose" "[a]ny matters required to be disclosed" by the Ethics Standards.[2] (§ 1281.9, subd. (a)(2); Ethics Standards, archived at <https://perma.cc/PSF3-XA23> (as of Mar. 21, 2023).) As a general matter, the Ethics Standards "require the disclosure of 'specific interests, relationships, or affiliations' and other 'common matters that could cause a person aware of the facts to reasonably entertain a doubt that the arbitrator would be able to be impartial.'" (*Haworth*, *supra*, 50 Cal.4th at p. 381; see also, *Gray v. Chiu* (2013) 212 Cal.App.4th 1355, 1362-1363.) More specifically, the Ethics Standards pertinent to the issues in this

---

[2] By not raising it on appeal, Vivera has abandoned its argument that Judge Swart's retention in the *Legacy* matter disqualified him from serving as an arbitrator under the standards set forth in Code of Civil Procedure section 170.1.

case require a potential arbitrator to disclose any relationship he or she has with any party or party's lawyer at the time of the disclosure or at any time in the past. (Ethics Standards, std. 7(d); *Honeycutt v. JPMorgan Chase Bank, N.A.* (2018) 25 Cal.App.5th 909, 922-923 (*Honeycutt*); *Roussos v. Roussos* (2021) 60 Cal.App.5th 962, 972.) What is more, the Ethics Standards make this duty of disclosure "a continuing duty" that applies "until the conclusion of the arbitration proceeding." (Ethics Standards, std. 7(f); *Luce*, *supra*, 162 Cal.App.4th at p. 729.) As part of that continuing duty to disclose, an arbitrator must always disclose, at the time of appointment, if he or she "will entertain offers of employment or new professional relationships" with a party or a lawyer for a party "as a dispute resolution neutral" during the pendency of the arbitration. (Ethics Standards, std. 12(b)(1); *Honeycutt*, at p. 923.) If the parties do not timely object to the arbitrator's indicated willingness to entertain new offers of employment, the scope of the arbitrator's duty to make further disclosures depends on whether the current arbitration is a "consumer" arbitration or a "nonconsumer" arbitration. If the current arbitration is a "consumer" arbitration, the arbitrator has a continuing duty to disclose to the parties "if he or she subsequently receives an offer" and if he or she has accepted any such offer. (Ethics Standards, stds. 12(b)(2)(A), 7(b)(2)(B).) But if the current arbitration is a "nonconsumer" arbitration, the arbitrator is "not required" to disclose any future offers of employment as long as the arbitrator tells the parties, up front, that he or she "will not inform the parties if he or she subsequently receives an offer while th[e] arbitration is pending." (Ethics Standards, stds. 12(b)(2)(B),

7

12(d)(4)(A), 7(b)(2)(A); *Ovitz v. Schulman* (2005) 133 Cal.App.4th 830, 840-841 [so noting].)

Judge Swart's disclosures complied with the Ethics Standards and consequently complied with the Act. Contrary to what Vivera contends, the arbitration in this case is a "nonconsumer" arbitration. Judge Swart's disclosure checklist so indicated. What is more, the Ethics Standards define a "consumer arbitration" to specifically *exclude* "arbitration proceedings conducted under or arising out of. . . private sector . . . agreements" (Ethics Standards, std. 2(d)), yet that is precisely what the contract between Sitrick and Vivera is—a private sector agreement between two companies. In the disclosure checklist, Judge Swart disclosed that he would "entertain offers of employment" "as a dispute resolution neutral" while this arbitration was pending. Vivera did not object to this disclosure within the 15 days the Act specifies for such objections to be made; thus, Vivera is deemed to have acceded to this term of Judge Swart's retention. (§ 1281.91, subds. (b)(1) [15-day requirement], (c) [waiver of disqualification if there is no timely objection to disclosure].) As a result, Judge Swart was under no obligation to make any further disclosures because, as required by the Ethics Standards, he had specifically informed the parties that he was not required to do so in the initial disclosure checklist. (*Jolie v. Superior Court* (2021) 66 Cal.App.5th 1025, 1048 ["In nonconsumer arbitrations, . . . if the arbitrator states he or she will entertain offers of employment or new professional relationships and he or she will not inform the parties of offers or acceptance of offers, no further disclosure of subsequent offers need be made."].) Because Judge Swart was not *required* to disclose the *Legacy* matter (and did so voluntarily solely as a

8

courtesy to the parties), his failure to do so is not a basis for vacating the arbitration award. (*Luce*, *supra*, 162 Cal.App.4th at p. 735 ["disqualification based on a disclosure is an absolute right *only when the disclosure is legally required*"], italics added.)

Vivera resists this conclusion with two further arguments. First, Vivera asserts that the month-long delay between Judge Swart being appointed in the *Legacy* matter and that appointment being disclosed provides a basis for disclosure. It does not. A disclosure that is not required cannot be the basis for vacating an arbitration award, late or not. Second, Vivera contends that Judge Swart's decision to voluntarily disclose the *Legacy* matter somehow makes that disclosure a required one. Again, it does not. This precise argument was rejected in *Luce*, *supra*, 162 Cal.App.4th at pages 724-725, 735, and for what we agree are good reasons.

\* \* \*

In light of our analysis, we have no occasion to reach Sitrick's alternative arguments for affirming.[3]

---

[3] Also, we have no occasion to address whether Vivera's responses to Sitrick's petitions to confirm the arbitration award—which appear to have been filed more than 10 days after Vivera was served with those petitions—were untimely filed, which would thereby obligate us to affirm without reaching the merits of Vivera's challenges on appeal. (See generally, *Darby v. Sisyphian, LLC* (2023) 87 Cal.App.5th 1100, 1111-1112.)

9

## DISPOSITION

The judgment is affirmed.  Sitrick is entitled to its costs on appeal.

**CERTIFIED FOR PUBLICATION.**


_____, J.

HOFFSTADT


We concur:


_____, P. J.

LUI


_____, J.

ASHMANN-GERST


10